```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DION BRIGGS, | Civil No. 07-4374 (MLC) |
|       Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| CHARLES E. ALBINO, et al., | |
|       Respondents. | |

Petitioner, Dion Briggs, moves for requesting appointment of pro bono counsel. [Docket entry no. 7]. Petitioner, who is proceeding pro se, has brought a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's motion is denied without prejudice.

## DISCUSSION

There is no "automatic" constitutional right to counsel in a federal habeas corpus proceeding. Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); see also Smith v. Angelone, 111 F.3d 1126, 1133 (4th Cir. 1997); Williams v. Turpin, 87 F.3d 1204, 1210 (11th Cir. 1996); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990).

Any person seeking relief under the federal habeas statutes may be granted counsel, however, "whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g) (1988) ("Discretionary

appointment"). The court also may use its discretion to appoint counsel to any indigent civil litigant proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(1).[1] The factors examined by the court in an application presented under either statute remain largely the same. Compare Reese, 946 F.2d at 263 (relying on § 3006A(g)); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (same), with Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (articulating standard under § 1915) (citing Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993)); Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996) (same).

The district court must first decide if the petitioner has presented a nonfrivolous claim. See Reese, 946 F.2d at 263-64; accord Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); see also Parham, 126 F.3d at 456-57. If the court determines that a claim is not frivolous, the court next must determine whether the appointment of counsel will benefit both the petitioner and the court. See Reese, 946 F.2d at 264; cf. Parham, 126 F.3d at 457. Factors to consider include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's

---

[1] Petitioner has applied for in forma pauperis status but failed to attach the requisite certification from an authorized officer of the institution where Petitioner is currently confined, certifying the amount on deposit in Petitioner's institutional account, as required by Local Civil Rule 81.2(b). Accordingly, Petitioner has not demonstrated that he qualifies for indigent status under Local Civil Rule 81.2(c), and his application to proceed in forma pauperis has not been granted.

ability to investigate facts and present claims.  See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); accord McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); see also Parham, 126 F.3d at 457-58.  Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), or issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."  La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

There is no indication here that Petitioner does not fully comprehend the issues he presents in his § 2254 petition.  The petition demonstrates Petitioner's ability to present his claims "forcefully and coherently."  Further, the Court finds that the issues raised by Petitioner are neither factually nor legally complex.  The claims are straightforward: Petitioner challenges his conviction on the grounds that he was denied his Sixth Amendment right to confront the witnesses against him at trial, i.e., an alleged accomplice.  He also makes a claim of official misconduct, which he claims deprived him of his constitutional right to a fair trial.  Petitioner has sufficiently articulated

3

the factual predicates for his claims, and it would appear at this time that the issues are capable of resolution on the state court record to be provided by respondents.  Further, Petitioner has not demonstrated a need for any additional discovery or an evidentiary hearing; nor has he demonstrated indigent status necessary for an appointment of counsel.  Therefore, because Petitioner has not established sufficient facts that would compel the appointment of counsel in the interests of justice, the Court chooses not to exercise its discretionary power to assign pro bono counsel.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's motion for appointment of counsel and in forma pauperis status should be denied, without prejudice, to be renewed if this Court is presented with facts sufficient to mandate the requested relief.  An appropriate Order follows.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated:     October 2, 2008